IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ZIDY MCCAIN and CHARLES MCCAIN                              PLAINTIFFS

V.                                        Civil Action No. 3:06-CV-327-HTW-LRA

LEHMAN BROTHERS, INC.                                        DEFENDANT

### MEMORANDUM OPINION AND ORDER

#### I. Introduction

Before the court is defendant Lehman Brothers, Inc.'s ("Lehman") motion for summary judgment brought pursuant to Fed. R. Civ. P. 56(b)[1].  Under Rule 56(b), Lehman asks this court to dismiss the premises liability and loss of consortium claims brought against Lehman by plaintiffs Zidy McCain ("Mrs. McCain") and Charles McCain ("Mr. McCain"),[2] respectively.

#### II. Jurisdiction

This court has subject matter jurisdiction over this lawsuit based on federal diversity jurisdiction, as provided by Title 28 U.S.C. § 1332.[3]  The McCains, both

---

[1] Fed. R. Civ. P. 56(b) states that "a party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim."

[2] Zidy McCain and Charles McCain, wife and husband, will hereinafter be referred to collectively as "the McCains."

[3] Title 28 U.S.C. § 1332(a) provides, in pertinent part, that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [...] citizens of different States[.]"

Mississippi residents, filed the instant lawsuit in the First Judicial District of Hinds County, Mississippi, against Lehman, a Delaware resident corporation with its principle place of business in New Jersey.  Lehman removed this case to this court pursuant to Title 28 U.S.C. § 1441[4].  Neither of the parties disputes that the amount in controversy in this lawsuit exceeds the sum or value of $75,000, exclusive of interest and costs, as is required by Section 1332.

Under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this court must apply Mississippi substantive law in this lawsuit because this court has subject matter jurisdiction over this matter by way of diversity of citizenship. Mississippi is the state in which the alleged claims arose and in which the McCains filed their lawsuit.

### III.  Statement of Relevant Facts

On or about May 26, 2004, the McCains traveled to Dillard's Department Store ("Dillard's") located at the Jackson Metrocenter Mall ("the Metrocenter") in Jackson, Mississippi.  After Mr. McCain stopped his vehicle in front of the Metrocenter, Mrs. McCain allegedly exited the vehicle, took a few steps, and tripped on a crack in the uneven sidewalk in front of Dillard's.  Mrs. McCain claims to have suffered multiple injuries as a result of her fall.

On May 3, 2006, the McCains filed the instant lawsuit.  Mrs. McCain's premises liability claim alleges that Lehman, who at the time of the incident owned the

---

[4] Title 28 U.S.C. § 1441 states, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Metrocenter, negligently failed (1) to use reasonable care in maintaining the sidewalk area in front of Dillard's; (2) to repair the crack in the uneven sidewalk; (3) to provide a safe, alternative route into and out of Dillard's; and (4) to warn the Metrocenter's customers of the dangerous condition of the sidewalk.  Also, Mr. McCain asserts a loss of consortium claim, alleging that Lehman's negligence in causing Mrs. McCain's injuries resulted in a decline of the McCains' marital relationship.

## IV.  Analysis

### A.  Summary Judgment Standard

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [Griffin] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).  In determining whether a genuine dispute exists as to any material fact, the court must consider all of the evidence in the record but refrain from making any credibility determinations or weighing the evidence. *Id.* (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)).  The court instead makes all reasonable inferences in favor of the non-moving party, *Reeves*, at 150; "[h]owever, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner,* at 343 (internal quotations omitted).

### B.  Mrs. McCain's Premises Liability Claim

Mississippi courts apply a three-step framework to determine premises liability.

*Leffler v. Sharp*, 891 So. 2d 152, 156 (¶ 10) (Miss. 2004)  "Under this three-step analysis, the court: (1) determines the status of the injured party as that of either invitee, licensee, or trespasser; (2) identifies, based on the party's status, the duty which was owed to the injured party; and (3) analyzes whether the landowner or business operator breached this duty." *Bates v. Wal-Mart Stores*, 413 F.Supp. 2d 763, 767 (S.D. Miss. 2006) (citing *Leffler*, 891 So. 2d at 156).

Under Mississippi law, "an invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage[.]" *Corley v. Evans*, 835 So. 2d 30, 37 (¶21) (Miss. 2003) (citing *Hoffman v. Planters Gin Co.*, 358 So. 2d 1008, 1011 (Miss. 1978)).  Status is ordinarily a factual determination for the jury or other trier of fact, *Hudson v. Courtesy Motors, Inc.*, 794 So. 2d 999, 1003 (Miss. 2001); however, when the essential facts are undisputed, the status of an injured party is a question of law, to be determined by the trial judge. *Leffler*, 891 So. 2d at 159.  At the time of her injury, Mrs. McCain was at the Metrocenter for purposes related to Lehman's business dealings.  Lehman concedes, and this court agrees, that on the date in question, Mrs. McCain had the status of an invitee as to Lehman.

An owner or operator of a premises does not insure the safety of an invitee, but does owe a two-fold affirmative duty: the duty to maintain the premises in a reasonably safe condition; and the duty to warn of hidden danger that is not in plain and open view. *Id*. at 157.  Under applicable Mississippi law, normally encountered dangers such as curbs, sidewalks, and steps are not hazardous conditions. *See McGovern v.*

*Scarborough*, 566 So. 2d 1225, 1228 (Miss. 1990) (affirming directed verdict in favor of defendant because raised threshold was not unsafe); *Stanley v. Morgan & Lindsey, Inc.*, 203 So. 2d 473, 477 (Miss. 1967) (finding a curb not inherently dangerous); *see also Tate v. S. Jitney Jungle Co.*, 650 So. 2d 1347, 1351 (Miss. 1995) (recognizing that liability has not been imposed in cases involving "dangers which are usual and which customers normally expect to encounter on the business premises, such as thresholds, curbs, and steps").  Mississippi courts have held further that these normally occurring dangers do not become hazardous conditions simply because they contain minor imperfections or defects. *See First Nat'l Bank of Vicksburg v. Cutrer*, 214 So. 2d 465, 466 (Miss. 1968) (cracks on the edge of concrete riser not unreasonably dangerous condition); *City of Biloxi v. Schambach*, 157 So. 2d 386, 392 (Miss. 1963) (sidewalk defect consisting of a three to four-inch differential in height between sidewalk blocks was not insufficient to impose liability); *City of Greenville v. Laury*, 159 So. 121, 122 (Miss. 1935) (reasonable jury could not have found that a crevice in the street measuring a half-inch to three inches in width and depth and eighteen inches to two feet in length was of such character to make the street unsafe for use); *Bond v. City of Long Beach*, 908 So. 2d 879, 882 (Miss. Ct. App. 2005) (one inch elevation of the sidewalk did not create dangerous condition which the City should have anticipated); *Howard v. City of Biloxi*, 943 So. 2d 751, 756 (Miss. Ct. App. 2006) (In the context of a claim made under the Mississippi Tort Claims Act, a crack in the sidewalk with a height differential between 1/2 inch and 1 ½ inches was open and obvious so as to provide immunity for a municipality).

The sidewalk upon which Mrs. McCain allegedly fell and injured herself was not a hazardous condition.  In her deposition testimony, Mrs. McCain admitted that while the area in question contained two large cracks in the concrete, the sidewalk blocks on either side of the cracks had only a slight height differential. (Zidy McCain Dep. 38:2-10, Apr. 10, 2007; Ex. C, D).  Lehman, as the owner of the Metrocenter premises, is not the insurer of Mrs. McCain's safety, and the law does not require that the Metrocenter's sidewalks and curbs be completely level and free from cracks or defects. *See Schambach*, 157 So. 2d at 392; *Laury*, 159 So. at 122.  Mrs. McCain, therefore, has failed to prove Lehman breached any duty it owed her.

### C.  Mr. McCain's Loss of Consortium Claim

Mr. McCain's loss of consortium claim also fails as a matter of law.  Mr. McCain's claim is independent of the premises liability claim asserted by Mrs. McCain.  Mr. McCain's right to recovery, though, is dependent upon his Mrs. McCain's ability to prevail on her claims against Lehman. *See Choctaw v. Wichner*, 521 So. 2d 878, 881 (Miss. 1988).  Because Lehman is entitled to judgment as a matter of law on Mrs. McCain's premises liability claim, Lehman is also entitled to judgment as a matter of law on Mr. McCain's loss of consortium claim.

### V.  Conclusion

Mrs. McCain has failed to prove that Lehman violated any duty it owed Mrs. McCain as an invitee of the Metrocenter.  Making all reasonable inferences in favor of Mrs. McCain, this court holds that the uneven sidewalk upon which Mrs. McCain allegedly was injured was not an unreasonably dangerous condition.  The court also

finds that because the condition of the sidewalk was open and obvious, Lehman had no duty to warn Mrs. McCain that the concrete was not completely level.  Furthermore, because the court finds Lehman is entitled to judgment as a matter of law on Mrs. McCain's negligence claims, Mr. McCain's loss of consortium claims must also fail.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's motion for summary judgment is granted.  The court will enter a final judgment in accordance with the local rules.

**SO ORDERED, this the 27th day of March, 2008.**

**s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE**


Civil Action No. 3:06-cv-327-HTW-LRA
Memorandum Opinion and Order